IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CINDY MARRS, LINDSEY DARNELL, and ROBERT DARNELL, individually and on behalf of other similarly situated individuals,<br><br> *Plaintiffs*,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br> *Defendant*. | **Civil Action No. 1:22-cv-417-MV/JMR** |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Opposed Motion to Temporarily Lift Stay [Doc. 25] and Plaintiffs' Opposed Motion to Certify a Controlling Question of Law to the Supreme Court of New Mexico ("Motion to Certify") [Doc. 26]. The Court, having considered the Motions, briefs, and relevant law, and being otherwise fully informed, finds that the Motions are not well-taken and will be denied.

**BACKGROUND**

Plaintiffs Cindy Marrs and Robert Darnell, each of whom had uninsured and underinsured motorist policies ("UM/UIM") from Defendant USAA Casualty Insurance Company ("USAA"), were involved in car crashes that caused each to sustain damages exceeding $50,000. Marrs's policy provided UM/UIM insurance up to $25/000 per person/$50,000 per occurrence – the statutory minimum under New Mexico's UM/UIM statute. The policy that Darnell held along with his wife, Plaintiff Lindsey Darnell, provided UM/UIM insurance up to $25,000 per person/$50,000

1

per occurrence, per vehicle, stackable for a total UM/UIM of up to $50,000 per person/$100,000 per occurrence.

After her accident, Marrs made a claim under her UM/UIM policy. USAA denied her claim because it deducted from the coverage it owned Marrs the amount paid by the tortfeasor's insurer, which amount equaled Marrs' UIM coverage limits. Similarly, after his accident, Darnell made a claim under his UM/UIM policy. USAA declined to pay the full amount of his $50,000 claim, and instead provided him with only $25,000, again offsetting the payment by the amount paid by the tortfeasor's insurer.

In their Second Amended Complaint, Plaintiffs seek class certification for persons who regularly paid premiums for UIM coverage but who found themselves receiving no such coverage (like Marrs), or who found themselves receiving only a portion of that coverage (like Darnell), based on USAA's decision to offset coverage based on the amounts received from the tortfeasor's insurer.

In *Crutcher v. Liberty Mutual Ins. Co.*, 18 -CV-412 JCH/KBM, a putative class action case based on analogous facts, Senior United States District Judge Herrera certified to the New Mexico Supreme Court under Rule 12-607(A) NMRA the following question: "Whether UM/UIM coverage sold in New Mexico at state-minimum coverage levels of [$25K/50K] contains illusory underinsured motorist coverage." The New Mexico Supreme Court accepted the question and answered in the affirmative, as follows:

> [H]ereafter, the insurer shall bear the burden of disclosure to the policy holder that a purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance. . . . UM/UIM coverage at the minimum level is permitted because the law not only allows, but requires, it to be sold as was done so here. However, such coverage is illusory because it is misleading to the average policyholder. As such we will now require every insurer to adequately disclose the limitations of minimum limits UM/UIM policies in the

> form of an exclusion in its insurance policy. If the insurer provides adequate disclosure, it may lawfully charge a premium for such coverage.

*Crutcher v. Liberty Mutual Ins. Co.*, 2022-NMSC-001, ¶¶ 32-33, 501 P.3d 433.

Following the New Mexico Supreme Court's decision in *Crutcher*, Defendant insurers in this case and the other analogous cases pending in this district raised the legal question of whether *Crutcher* applies prospectively or retroactively. In *Smith v. Interinsurance Exch. of the Auto. Club*, 22-CV-447 WJ, 2022 WL 17093456 (D.N.M. Nov. 21, 2022), Chief United States District Judge Johnson *sua sponte* certified the prospective versus retroactive question to the New Mexico Supreme Court, which accepted it. *See* Order, *Smith*, No. S-1-SC-39659 (Jan. 10, 2023). Thereafter, on the parties' Joint Motion to Stay [Doc. 21], this Court issued an order staying the instant proceedings, including Defendant's Motion to Dismiss, until such time as the New Mexico Supreme Court answers the question certified to it in *Smith*. [Doc. 24].

Meanwhile, in *Garcia v. Republic Underwriters Ins. Co.*, 21-CV-1023 KG/JMR, another putative class action lawsuit pending in this district, where the named plaintiff had UIM insurance *above* the minimum statutory limits, United States District Judge Gonzales granted the defendant insurer's motion to dismiss. In his Memorandum Opinion and Order, Judge Gonzales concluded that *Crutcher* does not apply to non-minimum limits policies, explaining that "[n]on-minimum limits policies do not fall into the same statutory crevice addressed by *Crutcher* and do not involve the same type of "illusory" coverage. *Garcia*, 21-CV-1023, Doc. 24 at 6-8. The *Garcia* plaintiffs subsequently filed a motion to alter or amend the judgment, which Judge Gonzales denied. *Id.*, Doc. 30.

In reaction to Judge Gonzales's dismissal of the *Garcia* case, Plaintiffs herein seek to lift the stay for the purpose of filing a motion to certify to the New Mexico Supreme Court the question of whether *Crutcher* applies only to UM/UIM coverage at minimum limits, or whether it applies

3

also to UM/UIM coverage at above-minimum limits. Doc. 25 at 3; Doc. 25-2 at 1. Defendant opposes Plaintiffs' request for a lift of the stay and Plaintiffs' Motion to Certify. Doc. 28.

## DISCUSSION

On the instant motion, Plaintiffs ask the Court to: (1) temporarily lift the stay that this Court imposed pending the New Mexico Supreme Court's answer to the question of the retroactivity of its decision in *Crutcher*; (2) allow them to file their Motion to Certify; and (3) grant the Motion to Certify, certifying the following question to the New Mexico Supreme Court:

> When an insurer fails to disclose to an insured that the insured can *never* recover the full amount of UIM stated on the policy, is the application of *Crutcher* regarding misrepresentations or failure to disclose applicable only to UM/UIM coverage at minimum limits or does it also apply to UM/UIM coverage at above minimum limits?

Doc. 25-2 at 1. In three similar cases, represented by the same attorneys who represent Plaintiffs here, the named plaintiffs have made the identical request for a temporary lift of the stay imposed therein for the purpose of certifying this same question. *See Garcia*, 21-CV-1023 KG/JMR; *Crutcher*, 18-CV-412 JCH/LF; *Soleil Property & Cas. Ins. Co. of Hartford*, 22-CV-396 WJ/LF. In all three cases, the court has denied the request. *See Garcia*, 21-CV-1023 KG/JMR, Doc. 30; *Crutcher*, 18-CV-412 JCH/LF, Doc. 92; *Soleil Property & Cas. Ins. Co. of Hartford*, 22-CV-396 WJ/LF, Doc. 34. For the reasons set forth herein, this Court agrees that the stay should not be lifted and that Plaintiffs' Motion to Certify should be denied.

I.   Standard

The New Mexico Supreme Court may answer questions of law certified to it by a federal court if "the answer may be determinative of an issue in pending litigation in the certifying court and the question is one for which answer is not provided by a controlling (a) appellate opinion of the New Mexico Supreme Court or the New Mexico Court of Appeals; or (b) constitutional

provision or statute of this state." NM R RAP Rule 12-607(A)(1); *see also* NMSA 1978, § 39-7-4 (1997) ("The supreme court of this state may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state."). The New Mexico Supreme Court generally accepts certifications when there are no factual disputes regarding the questions certified and the "answer either disposes of the entire case or controversy or disposes of a pivotal issue that defines the future course of the case." *Schlieter v. Carlos*, 1980-NMSC-037, ¶ 5, 108 N.M. 507, 508 (citations omitted). Other considerations include whether the certified question is one of substantial public interest, the degree of uncertainty in the law, and judicial economy. *Id.* ¶ 15.

Notably, federal courts are counseled not to "trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). Rather, "[w]hen we see a reasonably clear and principled course, we will seek to follow it ourselves." *Id.* Accordingly, "certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1120 (10th Cir.2008 (citation omitted). "Absent some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, federal courts bear a duty to decide questions of state law when necessary to render a judgment." *Id.* (citation omitted). Thus, the court must "apply judgment and restraint before certifying," employing "the device in circumstances [only] where the question before the court "(1) may be determinative of the case at hand and (2) is sufficiently novel that [it] feel[s] uncomfortable attempting to decide it without further guidance." *Pino*, 507 F.3d at 1236. Ultimately, "[t]he decision to certify 'rests in the sound discretion of the federal court." *Stout*, 519 F.3d at 1120 (citation omitted).

5

II.     Instant Case

Here, Plaintiffs ask this Court to certify the question of whether *Crutcher*, which specifically addressed the illusory nature of UIM insurance in the context of coverage at minimum limits, equally applies to non-minimum-limits UIM policies. In support of their request, Plaintiffs assert that "[n]o New Mexico appellate court has considered whether New Mexicans who purchased similarly misleading coverages at higher limits have a claim for compensation, either in the form of out-of-pocket damages for premiums paid for such illusory, or misleading coverage, or in the form of the benefit of the insured's bargain for underinsurance benefits they reasonably had expected to receive." Doc. 25-2. Plaintiffs note that, while they "believe that the issue is addressed by the [New Mexico] Supreme Court" in *Crutcher*, . . . insurers continue to argue they have no liability for misrepresentation and failure to disclose the extent of coverage and limitations at UIM levels greater than minimum limits." *Id.* According to Plaintiffs, "the resolution of this unsettled issue is determinative of Plaintiffs' and putative class members' claims against Defendant." *Id.*

As an initial matter, it is undisputed that *Crutcher* would apply to Marrs's claims, if the New Mexico Supreme Court determines that *Crutcher* applies retroactively, as her policy was a minimum-limits policy. Thus, the only issue as to which Plaintiffs' proposed question would be determinative (if, indeed, the New Mexico Supreme Court determines that *Crutcher* applies retroactively) is whether the Darnells, who had stackable coverage that resulted in UIM coverage granter than the minimum limit (and any putative plaintiffs in that same position) may pursue a claim under *Crutcher*.

While determinative, the Court does not agree that the question of whether *Crutcher* applies to stackable coverage policies is sufficiently novel that this Court should abdicate its duty to decide it. Rather, the Court finds that *Crutcher* itself, in addition to the New Mexico precedent upon which it relied, provide sufficient guidance for this Court to determine whether *Crutcher* applies to the Darnells' claims. *Accord Crutcher*, Doc. 18-CV-412, Doc. 92 ("The Court is not convinced that the proposed certified question is one for which answer is not provided by construing controlling state appellate law, such as *Crutcher* and precedent upon which it relied."); *Soleil*, 22-CV-396, Doc. 34 ("The Court agrees with Plaintiff Soleil that the question she seeks to certify would be determinative of an issue in her case; however, the Court disagrees that the question is one for which the answer is not provided by a controlling appellate opinion of the New Mexico Supreme Court."); *Garcia*, 21-CV-1023, Doc. 30 ("Not all questions are appropriate for certification to the New Mexico Supreme Court and certification is certainly not designed to allow a party to circumvent an adverse federal district court ruling.").

In reaching this conclusion, the Court takes no position on the merits of the dismissal in *Garcia*, and notes that the decision therein it is not controlling here. Indeed, as Defendants concede, *Garcia* is factually distinguishable from this case, as the plaintiff in *Garcia* did not have UM/UIM coverage greater than the minimum limit because of stackable coverage, as do the Darnells here. Doc. 28 at 2 n.1. At this juncture, the Court notes only its agreement with *Soleil*, *Crutcher*, and *Garcia* that there is sufficiently clear controlling state law to guide this Court in deciding the merits of the instant case without troubling its sister state court.

## CONCLUSION

While Plaintiffs' proposed question would be determinative of the Darnells' claims, the Court finds that certification thereof is not warranted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Motion to Temporarily Lift Stay [Doc. 25] and Plaintiffs' Opposed Motion to Certify a Controlling Question of Law to the Supreme Court of New Mexico [Doc. 26] are **DENIED**.

DATED this 29th day of March 2024.

_____
MARTHA VÁZQUEZ
Senior United States District Judge